[Civ. No. 5228. First Appellate District, Division Two.—May 22, 1926.]

CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent, v. ANDREW STEPHEN SATTAN et al., Appellants.

[1] EMINENT DOMAIN—LOCATION OF PIPE-LINE—EVIDENCE—FINDINGS.—In this action by the City and County of San Francisco to condemn a strip of land in which to locate a pipe-line needed in connection with the public water supply, plaintiff's evidence was amply sufficient to support the finding of the trial court that the aqueduct had been planned and located in the manner that would be most compatible with the greatest public good and the least private injury.

[2] ID.—VALUE OF LAND—EVIDENCE—FINDINGS.—In such action, the finding of the trial court as to the value of the land sought to be condemned was sustained by the testimony not only of real estate dealers in the vicinity, but also of the inheritance tax appraiser and deputy appraiser for the county and the agricultural manager for a private water company, whose business included the management of a very large acreage in that vicinity and other localities.

[3] ID.—SEVERANCE DAMAGE—EVIDENCE—FINDINGS.—In such action, the finding of the trial court as to severance damage was abundantly sustained by the evidence; and conceding that the true test is the effect of the severance upon the sale value of the balance of the tract, the testimony of certain witnesses for plaintiff referred to that point of view and they estimated the depreciation caused by the severance at the figure named in the finding of the court.

(1) 20 C. J., p. 979, n. 22.   (2) 20 C. J., p. 991, n. 16.   (3) 20 C. J., p. 992, n. 17.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

John J. Jones for Appellants.

George Lull, City Attorney, and Robert M. Searls for Respondent.

LANGDON, P. J.—This appeal is by the defendants from a judgment entered upon a verdict of a jury in an action brought by the plaintiff to condemn a strip of land in which to locate a pipe-line needed in connection with the public water supply.

It is contended that the evidence is insufficient to support the finding of the court that the aqueduct has been planned and located in the manner that will be most compatible with the greatest public good and the least private injury; and also that the evidence is insufficient to support the two findings based upon the verdict of the jury as to the value of the parcel of land sought to be condemned and as to the damage caused to the remainder of the tract by reason of the severance. The former amount was fixed by the jury at $4,500 and the latter at $1,000.

[1] Appellants set forth in their brief all the evidence in the record in opposition to the findings made, and the respondent replies by setting out abundant evidence to support the findings under attack. No useful purpose would be served by reviewing it all in this opinion. The construction engineer for the Hetch Hetchy water project explained the necessity of locating the pipe in the manner set forth in the complaint. This was substantiated by the testimony of the first assistant engineer in the same water project, who explained the reasons for such location and also stated that tests had been made in an effort to relocate the pipe-line and thus meet the protests and conform to the requests of the defendants, but that these tests had disclosed the undesirability of changing the route.

[2] Upon the issue as to the value of the land the finding of the court is sustained by the testimony not only of the real estate dealers in the vicinity, but also of the inheritance

tax appraiser and deputy assessor for the county and the agricultural manager for the Spring Valley Water Company, whose business included the management of a very large acreage in that vicinity and other localities.

[3] As to the last question raised, relating to severance damage, the finding of the court is also abundantly sustained by the record. Appellants contend that the true test is the effect of the severance upon the sale value of the balance of the tract. If that be so, the testimony of the witnesses Tuchen and McGarvey, testifying for the plaintiff, may be said to refer to that point of view and they estimated the depreciation caused by the severance at the figure named in the finding of the court.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.